UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D. CARROLL,<br><br>                    Plaintiff,<br><br>          v.<br><br>WILLIAM KNIPP, et al.,<br><br>                    Defendants. | No. 2:13-cv-0215 LKK CKD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

     Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights action pursuant to 42 U.S.C. § 1983.  Defendant Hientschell (defendant) is an employee of the California Department of Corrections and Rehabilitation (CDCR) at Mule Creek State Prison (Mule Creek).  Plaintiff alleges defendant used excessive force against plaintiff on January 24, 2013 in violation of the Eighth Amendment.  Defendant has filed a motion to dismiss for failure to exhaust administrative remedies prior to bringing suit.

     A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003). Section 1997(e)(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997(e)(a) (also known as the Prison Litigation Reform Act ("PLRA")).  California state regulations provide

1

administrative procedures to address plaintiff's claims.  <u>See</u> Cal. Code Regs. tit. 15, §§ 3084.1-3084.7.  Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims.  Cal. Code Regs. tit. 15, § 3084.5.

Plaintiff's complaint was signed by plaintiff on January 24, 2013, the day he alleges he was subjected to excessive force by defendant.  The complaint arrived in this court on February 5, 2013.  In light of these facts, plaintiff could not have exhausted administrative remedies with respect to his claim against defendant before bringing this action.  Accordingly, this action must be dismissed.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendant Hientschell's motion to dismiss (ECF No. 22) be granted; and

2. This action be dismissed without prejudice for failure to exhaust administrative remedies prior to bringing suit.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 26, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

1
carr0125.157